UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
FRESNO DIVISION

| | |
|---|---|
| In re<br>**PACE DIVERSIFIED CORPORATION**,<br>        Debtor. | Case No. 17-11028-B-11 |
| PACE DIVERSIFIED CORPORATION, a California corporation; DARK ROCK, LLC, a California limited liability company,<br>        Plaintiffs,<br>v.<br>MACPHERSON OIL COMPANY, a California corporation; SANDRA BRAUCHT, an individual,<br>        Defendants. | Adv. Proceeding No. 18-01006-B<br><br>DC No. BBR-6 |
| MACPHERSON OIL COMPANY, a California corporation,<br>        Counter-Plaintiff,<br>v.<br>PACE DIVERSIFIED CORPORATION, A California corporation; DARK ROCK, LLC, a California limited liability company,<br>        Counter-Defendants. | |

**MEMORANDUM DECISION**

1

PERTINENT FACTS

This case is about ownership of fee and mineral interests in a Kern County oil field. Over nine months after fact discovery closed in this case, Plaintiffs and counter-defendants Pace Diversified Corporation and Dark Rock LLC (collectively "PDC") learned Defendant and counter-claimant Macpherson Oil Corporation ("MOC") claimed one third ownership in the oil field. MOC claims the interest under a quit claim deed signed by Rebecca Cramer, an heir to the Braucht family. The Braucht family has historically owned the interests. The deed was signed just before PDC learned of MOC's claim. Earlier, MOC claimed the same or similar interests through other transfers. PDC claims rights in the same interest under a preceding "Pace-Olcese" lease.

PDC also learned that a "Landman" employed by MOC's agent, Maverick Petroleum, Yvonne Hicks, allegedly told Cramer and perhaps other Braucht heirs the land and mineral interests were "unleased." Curiously, the same day of the Cramer to MOC deed, Cramer signed a "ratification" of the lease interest to PDC.

PDC and MOC agreed to voluntarily exchange documents concerning the Cramer deed and lease ratification. The court vacated a pre-trial conference and modified the discovery cut off to accommodate PDC and MOC's stipulation allowing limited discovery. After the informal document exchange, PDC wanted to further depose Hicks—who was deposed about one year ago—and to depose Cramer—who has not been deposed. MOC opposes the depositions. So, the matter is before the court under the parties' stipulation providing for mutual submissions of briefs

and other documents.  The court determined a hearing was unnecessary and is deciding the matter based on the written submissions.

## CONTENTIONS

　　PDC contends there is cause to permit both depositions because after the Cramer deed, MOC changed its legal position from having acquired the Braucht interests by lease to acquiring the interests by deed and other transfers.  So, PDC contends the depositions are necessary.  They also contend that Hicks represented to the Braucht heirs, including Cramer, the Braucht interests were not subject to a lease though Hicks knows this litigation has been pending and was aware of PDC's claims. PDC points to the fact that Hicks' deposition was taken over one year ago; long before the 2019 transfers discovered only three months ago.  Cramer has not previously been deposed in this adversary proceeding and PDC contends should answer questions about the transactions.

　　MOC claims any information about Hicks or Cramer is not probative on the extent of any interests because Cramer's predecessors held title in joint tenancy.  When one of the joint tenants died, the surviving tenant received title free of Pace's claimed interest since the surviving tenant did not sign the "Pace-Olcese" lease.  MOC also points out that the "ratification" Pace received was not recorded before MOC recorded the Cramer quit claim deed.  PDC had contacts with Cramer at the same time MOC did, MOC claims, so no new information can be gleaned from the depositions.  MOC contends

...
that Hicks' representations that the Braucht interests were free of the claimed Pace lease is consistent with MOC's theory why its' claim to title has precedence over PDC.

## ANALYSIS

The court's discretion in dealing with discovery matters is beyond dispute. See Fed R. Civ. P. 26 (b)(2) Fed. R. Bankr. P. 7026). Leave of court is necessary to depose a person twice. Fed. R. Civ. P. 26 (a) (2). The court finds cause to permit the second deposition of Ms. Hicks and to permit the "post-discovery cutoff" deposition of Ms. Cramer.

MOC's concern that the information to be obtained is not probative because of its legal theory that Cramer's predecessor's death terminated the "Pace-Olcese lease" is not persuasive on this motion. That argument is equivalent to the contention that the admissibility of the evidence revealed in discovery is the standard for allowing discovery. That, of course, is not the case. See Fed. R. Civ. P. 26 (b)(1).

PDC's contacts with Cramer during the last year does not obviate the need for discovery. First, a deposition is not limited to witnesses who a party may not have contacted about the transaction underlying the litigation. Second, again the standard for allowing discovery does not include the lack of or amount of previous contact.

MOC has not persuaded the court that either the second deposition of Hicks or the Cramer deposition will result in any harm or burden on MOC. MOC has not demonstrated that either deposition is cumulative or that there is a less expensive way

for PDC to get the information. See Fed. R. Civ. P. 26 (b) (2) (C). See, <u>Christy v. Pennsylvania Turnpike Commission</u>, 160 F.R.D. 51, 53 (E.D. Penn. 1995). The late exchange of the documents further justifies the discovery. See, <u>Botell v. U.S.</u>, 2:-11-cv-1545 GEB GGH, 2013 U.S. Dist. LEXIS 12075(Jan. 29, 2013, E.D. Cal.) citing <u>Christy</u>.

    Finally, the question of "good cause" to permit discovery after the cut off is within the trial court's discretion and reviewing courts are highly deferential to the trial court's decision. See, <u>Rivera-Almodovar v. Instituto Socioeconomico Communitario</u>, 730 F. 3d 23, 26 (1st Cir. 2013). The parties' stipulation for document production, the produced documents, the fact that Cramer was not deposed before and the limits placed on this discovery by the court supports granting the request.

    The second deposition of Hicks will be limited to the 2019 transaction the parties exchanged documents about. No further deposition of Ms. Hicks will be permitted on any topic addressed in the first deposition. The second Hicks deposition will be limited to two hours of direct examination by PDC's counsel. There is no time limit on MOC's cross examination, if any.

    The deposition of Ms. Cramer will be permitted but only about the 2019 transactions that are the subject of the informal document exchange. The court will also authorize the deposition by remote means under Fed. R. Civ. P. 30 (b)(4). The precise method of taking and recording the deposition shall be left to the parties. If the parties cannot agree on a method to conduct, record or transcribe the Cramer deposition, either party may bring the matter before the court.

1      PDC's counsel shall prepare an order consistent with this
2  ruling.  Order to be approved as to form by MOC's counsel.

3
4
5
6    Dated: Oct 24, 2019                    By the Court
7
8                                              René Lastreto II, Judge
9                                              United States Bankruptcy Court

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Instructions to Clerk of Court**
**Service List - Not Part of Order/Judgment**

The Clerk of Court is instructed to send the Order/Judgment or other court generated document transmitted herewith to the parties below. The Clerk of Court will send the Order via the BNC or, if checked __X__, via the U.S. mail.

T. Scott Belden
P.O. Box 9129
Bakersfield CA 93389

Gregory S. Powell
2500 Tulare St #1401
Fresno CA 93721

Riley C. Walter
205 E. River Park Circle, Ste. 410
Fresno CA 93720

Brian Becker
550 N Brand Blvd #2100
Glendale CA 91203

Grover H. Waldon
Clifford Brown
1430 Truxtun Ave Suite 900
Bakersfield CA 93301-5207

Jean M. Pledger
1925 G St
Bakersfield CA 93301